IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL ARBID, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE AND PETITION FOR** |
| | ) | **REMOVAL OF CIVIL ACTION** |
| | ) | **AND REQUEST FOR PLACE** |
| KYLE W.D. NELSON, | ) | **OF TRIAL** |
| | ) | **(Jury Demand)** |
| Defendant. | ) | |
| | ) | |

Defendant Kyle Nelson, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby files this Notice of and Petition for Removal of Case No. CI 23-4302 pending in the District Court of Douglas County, Nebraska, to this Court. In support of removal, Defendant states the following:

## BACKGROUND

1. On June 1, 2023, Plaintiff Michel Arbid ("Plaintiff") commenced a civil action in the Douglas County District Court with the case number CI 23-4302, captioned as *Michel Arbid v. Kyle W.D. Nelson* (the "State Court Case") by filing a Petition and Jury Demand (the "Petition"), a true and correct copy of which is attached hereto as Exhibit A.

## TIMELY REMOVAL

2. This Notice of and Petition for Removal is filed within thirty (30) days after service upon the Defendant of the Complaint, from which it could be ascertained that this action is removable, and therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Defendant has not been formally served with a copy of the Complaint, but

Plaintiff's attorney was provided Defendant's attorney with a courtesy copy of the Complaint via email on August 29, 2023.

## SUBJECT MATTER JURISDICTION

4. Pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction over this civil action based on diversity of citizenship because (a) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (b) the dispute is between citizens of different states.

5. If an action initially filed in state court is subsequently removed to federal court, whether the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied is properly determined at the time of removal of the matter. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

6. The jurisdictional requirement of 28 U.S.C. § 1332(a), that the amount in controversy exceed $75,000.00, is satisfied by the pleadings filed in the State Court Case.

7. "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1332(c)(2). The amount in controversy requirement is met when, the "fact-finder could legally conclude, from the pleadings and proof adduced to the Court before trial, that the damages that the Plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002).

8. In his prayer for relief, Plaintiff requests an award of damages for general damages in an amount to be determined at trial, an award of special damages in an amount to be determined at trial, and attorney fees and costs.

9. While Defendant vehemently contests Plaintiff's allegations that he is entitled to any of these damages, the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) could be met based on Plaintiff's allegations.

10. Plaintiff is a resident and citizen of Collier County, Florida. *See* attached Complaint ¶ 1.

11. Defendant is a resident of Saint Paul, Minnesota.

12. As citizens of different states, Plaintiff and Defendant satisfy the jurisdictional requirement of 28 U.S.C. § 1332(a)(1).

13. Because this Court has original subject matter jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. § 1332, Defendant may remove this matter pursuant to 28 U.S.C. § 1441, which provides for removal by a defendant based on diversity jurisdiction.

14. This action is not a non-removable action as described in 28 U.S.C. § 1445.

15. Venue is proper in this Court and division pursuant to 28 U.S.C. § 1891(b)(2). The United States District Court for the District of Nebraska is the district court responsible for cases arising in Douglas County, Nebraska.

16. A true and correct copy of all process, pleadings, and orders filed in connection with the State Court Case is attached as Exhibit A, as required by 28 U.S.C. § 1446(a). There are no matters currently pending in the State Court Case which require resolution by this Court.

17. The only counsel that has appeared in the State Court Case is Plaintiff's counsel, Michael S. Degan, Kutak Rock LLP, The Omaha Building, 1650 Farnam Street, Omaha, Nebraska, 68102-2186.

18. Pursuant to 28 U.S.C. § 1146(d), Defendant will promptly provide written notice of the Removal to all parties to this action, and will file a Notice of Removal with a copy of this Notice of and Petition for Removal in the Douglas County District Court.

## REQUEST FOR PLACE OF TRIAL

19. Defendant requests trial in Omaha, Nebraska.
20. Defendant requests a jury trial.

WHEREFORE, Defendant prays that this Notice of Removal be filed; that this action, Case No. CI 23-4302 pending in the District Court of Douglas County, Nebraska, be removed to and proceed in this Court; and that no further proceedings be had in this case in the District Court of Douglas County, Nebraska, and for such other and further relief as the Court deems just.

Dated: September 8, 2023

KYLE NELSON, Defendant

BY:  /s/ *Alexis Mullaney*
Alexis S. Mullaney, # 25908
Fiedler Law Firm, P.L.C.
17330 Wright Street
Suite 102
Omaha, NE  68130
(402) 316-3060
(402) 513-6501 (facsimile)
alexis@employmentlawnebraska.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2023, I served a copy of the foregoing via email on Plaintiff's counsel at the following address:

Michael S. Degan
Michael.degan@kutakrock.com

/s/ *Alexis S. Mullaney*