Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI230004302
Transaction ID: 0020004852
Filing Date: 06/01/2023 03:27:39 PM CDT

Exhibit A

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| MICHEL ARBID, | Case No. CI 23 - _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| KYLE W.D. NELSON, | |
| Defendant. | |

### PARTIES

1.      Plaintiff MICHEL ARBID ("Plaintiff" or "Arbid") is a resident of Collier County, Florida.

2.      Defendant KYLE W.D. NELSON ("Defendant" or "Nelson") is a resident of Nebraska.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to Neb. Rev. Stat. § 24-302.

4.      This Court has personal jurisdiction over the Defendant pursuant to Neb. Rev. Stat. § 25-536 because Defendant is a Nebraska resident and caused tortious injury by acts and omissions that occurred in Nebraska.

5.      Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403 because Defendant resides in Douglas County and the facts giving rise to this dispute occurred in Douglas County, Nebraska.

### FACTUAL ALLEGATIONS

6.      Plaintiff Arbid is a founder, member, owner and officer of Ventura Medstaff, LLC ("Ventura").

7.      Ventura is a medical staffing company based in Omaha, Nebraska. Ventura is owned by three members, including Arbid (hereinafter referred to as "Partners").  All three Partners are employed by Ventura.

8.      Defendant Nelson is a former employee of Ventura. Nelson was hired in June of 2022 to serve as Ventura's Chief Operating Officer ("COO").

9.      As COO, Nelson was responsible for day-to-day operations of Ventura. Ventura's directors, managers and employees reported to Nelson during the period he was employed by Ventura. Nelson reported to the Partners, including Arbid.

10.     Arbid serves as Ventura's Chief Financial Officer and works remotely. Arbid is therefore not physically present in Ventura's Omaha headquarters on a day-to-day basis.

11.     Soon after Nelson commenced employment with Ventura, Arbid noted certain negative trends in financial and operational performance.

12.     As CFO, Arbid had several discussions with Nelson in an effort to address and correct the noted financial and operational issues.

13.     Shortly thereafter, Nelson began making disparaging comments about Arbid in meetings and conversations with other Ventura employees outside of Arbid's presence. Comments made by Nelson to Ventura employees questioned Arbid's competence and mental and emotional stability.

14.     Nelson falsely told employees that Arbid had threatened him with physical violence during a meeting, claiming that Arbid had confronted him and threatened to solve things "the Lebanese way" with an AK-47.

15.     The statements made by Nelson to Ventura employees described in Paragraph 14 above were entirely false. No such confrontation took place. At no time did Arbid ever threaten violence or tell Nelson that he planned to solve matters the "Lebanese way." At no time did Arbid ever mention firearms in any conversation with Nelson.

16.     Nelson also told Ventura employees that he planned to remove and replace Arbid and would buy out his shares if necessary. Nelson told Ventura employees that he would be running Ventura by the end of the year.

17.     Nelson made similar disparaging comments about Arbid to Ventura's Partners outside Arbid's presence. Comments made by Nelson to Arbid's Partners questioned Arbid's competence, temperament, and suitability for leadership.

18.     Ventura terminated Nelson in December 2022.

19.     Nelson purposefully and maliciously made false and disparaging statements about Arbid to Ventura employees with the intent of diminishing Arbid's reputation, credibility and standing in the eyes of Ventura employees.

20.     Nelson purposefully and maliciously made false and disparaging statements about Arbid to Ventura Partners with the intent of diminishing Arbid's reputation, credibility and standing in the eyes of his Partners.

21.     Nelson's pattern of defaming Arbid was part of his attempt to pressure Arbid to sell his shares to Nelson.

22.     As a result of Nelson's wrongful conduct, Arbid has suffered injury to his good name, reputation and standing among his Partners and Ventura's employees.

## COUNT I
### DEFAMATION *PER SE*
### Neb. Rev. Stat. § 25-839 et seq.

23.     Plaintiff incorporates and realleges herein each of the paragraphs set forth above.

24.     Nelson repeatedly made false statements to Ventura employees that Arbid had made terroristic threats to Nelson by threatening Nelson with physical violence involving firearms.

25.     Nelson repeatedly made false statements to Ventura Partners and employees that Arbid was unfit to perform the duties of his position as CFO of Ventura.

26.     Nelson repeatedly made false statements to Ventura Partners and employees that were prejudicial to Arbid's profession and trade by discrediting Arbid in the eyes of Ventura's Partners and employees.

27.     The libelous statements made by Nelson concerning Arbid constitute defamation *per se*.

## COUNT II
### DEFAMATION *PER QUOD*
### Neb. Rev. Stat. § 25-839 et seq.

28.     Plaintiff incorporates and realleges herein each of the paragraphs set forth above.

29.     Nelson repeatedly made false statements to Ventura employees

3

that Arbid had made terroristic threats to Nelson by threatening Nelson with physical violence involving firearms.

30.     Nelson repeatedly made false statements to Ventura Partners and employees that Arbid was unfit to perform the duties of his position as CFO of Ventura.

31.     Nelson repeatedly made false statements to Ventura Partners and employees that were prejudicial to Arbid's profession and trade by discrediting Arbid in the eyes of Ventura's Partners and employees.

32.     The libelous statements made by Nelson constitute defamation *per quod* because they tended to harm Arbid's reputation and standing in his profession and trade in general, and among Ventura's Partners and employees in particular.

33.     Plaintiff has and will continue to suffer special damages as result of the false statements made by Nelson.

## COUNT III
## COMMON LAW SLANDER

34.     Plaintiff incorporates and realleges herein each of the paragraphs set forth above.

35.     The false and defamatory statements uttered by Nelson constitute common law slander.

36.     The false statements made by Nelson accused Arbid of making criminal terroristic threats and therefore constitute slander *per se*.

37.     The false statements made by Nelson alleged and implied that Arbid is unfit to serve as an officer of Ventura and therefore constitute slander *per se*.

38.     The false statements made by Nelson tended to harm Arbid's reputation and standing in his trade and profession and therefore constitute slander *per quod*.

39.     Plaintiff has and will continue to suffer special damages as result of the defamatory statements made by Nelson.

4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in his favor and grant the following relief:

    (i)      An award of general damages in an amount to be determined at trial;

    (ii)     An award of special damages in an amount to be determined at trial;

    (iii)    A temporary and permanent injunction enjoining Nelson from communicating with employees of Ventura about Plaintiff;

    (iv)    A temporary and permanent injunction enjoining Nelson from communicating with Partners about Plaintiff;

    (v)     Attorney fees and costs of this action to the extent available by law;

    (vi)    Any further relief at law or equity deemed appropriate by the Court.

=

DATED this 1st day of June, 2023.

MICHEL ARBID, Plaintiff.


By: */s/ Michael S. Degan*

Michael S. Degan, #20372
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2186
(402) 346-6000
michael.degan@kutakrock.com

ATTORNEYS FOR PLAINTIFF

5

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI230004302
Transaction ID: 0020004852
Filing Date: 06/01/2023 03:27:39 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

MICHEL ARBID,

Plaintiff,

vs.

KYLE W.D. NELSON,

Defendant.

Case No. CI 23 - _____

**PRAECIPE FOR SUMMONS**

TO THE CLERK OF SAID COURT:

Please issue Summons to be served by Plaintiff's counsel upon the following via certified mail, return receipt requested, at the below last-known address:

Kyle W.D. Nelson
2223 Dodge Street, #1308
Omaha, NE  68102

DATED this 1st day of June, 2023.

MICHEL ARBID, Plaintiff.

By: */s/ Michael S. Degan*
Michael S. Degan, #20372
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2186
(402) 346-6000
michael.degan@kutakrock.com

ATTORNEYS FOR PLAINTIFF

4868-4982-8455.1

| Image ID:<br>D00859259D01 | **SUMMONS** | Doc. No.   859259 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183


Michel Arbid v. Kyle WD Nelson

Case ID: CI 23     4302


TO:  Kyle W Nelson

**FILED BY**
Clerk of the Douglas District Court
06/01/2023

You have been sued by the following plaintiff(s):

    Michel Arbid




Plaintiff's Attorney:    Michael S Degan
Address:                 1650 Farnam Street
                         Omaha, NE 68102-2186

Telephone:               (402) 346-6000

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.


Date:  JUNE  1, 2023        BY THE COURT:

                                         Clerk

_Crystal Rhoades_

Page 1 of 2

| Image ID:<br>D00859259D01 | **SUMMONS** | Doc. No.   859259 |
|---|---|---|

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:


        Kyle W Nelson
        2223 Dodge Street #1308
        Omaha, NE 68102

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.   859259 |
|---|---|

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

To:
Case ID: CI 23    4302 Michel Arbid v. Kyle W Nelson

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles            _____

    TOTAL              $ _____

Date: _____        BY: _____
                                        (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____   Attorney for:   _____

The return receipt for mailing to the party was signed on _____, _____.

To: Kyle W Nelson                        From: Michael S Degan
2223 Dodge Street #1308                        1650 Farnam Street
                                               Omaha, NE 68102-2186

Omaha, NE 68102

## ATTACH RETURN RECEIPT & RETURN TO COURT