IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHEL ARBID,<br><br>    Plaintiff,<br><br>vs.<br><br>KYLE W.D. NELSON,<br><br>    Defendant. | 8:23CV401<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff's motion to dismiss, Filing No. 4, Defendant's Counterclaim, Filing No. 3. Plaintiff filed this action in Nebraska state court, and Defendant removed it to this Court. Filing No. 1, Filing No. 1-1. The removal was based on diversity, as the parties live in different states, and the amount in controversy allegedly exceeds $75,000.00.

  Plaintiff filed this action alleging three state law claims against the defendant: (i) defamation per se; (ii) defamation per quod; and (iii) common law slander. Defendant answered, denying Plaintiff's allegations, and filing a counterclaim alleging abuse of process. Filing No. 3.

**BACKGROUND**

  Defendant, Nelson, suffers from Post Traumatic Stress Disorder ("PTSD") and is disabled. Nelson states his PTSD is aggravated by graphic violence and Plaintiff, Arbid, intentionally aggravated his PTSD by talking about graphic violence in spite of requests to stop. Nelson made a formal complaint to his employer and was ultimately terminated. Arbid denies that he did those things asserted by Nelson, and filed this suit based on the alleged statements made by Nelson about Arbid. *See* Filing No. 1-1.

1

Nelson filed a complaint with the Equal Employment Opportunity Commission. Based on these factors, Nelson contends he has asserted a counterclaim for abuse of process under Nebraska state law. Nelson specifically alleges that (i) that Arbid abused legal process by initiating this action; (ii) that Arbid lacked probable cause or legal justification to support his claims against Nelson; (iii) that Arbid was motivated by malice and initiated this action solely to harass Nelson; and (iv) that Nelson has suffered emotional harm and distress as a result of Arbid's actions.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual

2

allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The facts alleged require "a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Assuming the truth of a plaintiff's allegations, "a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

To state a claim for malicious abuse of legal process under Nebraska law, the party must plead and prove: (i) an ulterior purpose; and (ii) improper or irregular use of judicial process. *Gordon v. Cmty. First State Bank*, 255 Neb. 637, 646–47 (1998); *Martin v. Sanford*, 129 Neb. 212 (1935). As stated in *Martin*, "[r]egular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." *Martin*, 129 Neb. at 222. "Process is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants." *Gordon*, 255 Neb. at 648 (citations omitted). Abuse of process means use of the judicial process by "accomplishing some illegal object or purpose for which process was not legally intended." *Gordon*, 255 Neb. at 646–47. "However, it is generally accepted that with respect to a cause of action for abuse of process, 'the judicial process must in some

3

manner be involved'." *Gordon*, 255 Neb. at 649 (quoting Prosser and Keeton on the Law of Torts, § 121). "We agree with the majority view that an action for abuse of process is historically based upon the need to protect the integrity of judicial process and should be narrowly construed to achieve that purpose." *Gordon*, 255 Neb. at 651.

Arbid claims the Counterclaim does not allege a possible claim for malicious abuse of process. First, he argues there is no allegation of misuse of any judicial process in this Court or in Douglas County District Court. Filing No. 5 at 4. Arbid argues that Nelson only alleges that the initiation of this lawsuit is the basis for the abuse of process claim. Id. Second, Arbid argues the Counterclaim fails to establish any facts other than he (Arbid) filed a complaint against Nelson. *Id.* at 5. This, argues Arbid, is not enough for an abuse of judicial process claim. Accordingly, Arbid asks this Court to find that there are insufficient facts to establish an abuse of process claim under Nebraska law.

Nelson argues that his abuse of process Counterclaim is designed to show that Arbid, in filing this case, aims to pressure Nelson into dismissing his discrimination and retaliation claims against his former employer, Ventura Medstaff (this party is involved in a separate lawsuit with Nelson) and Mr. Arbid who allegedly harassed, retaliated, and fired Mr. Nelson. Filing No. 8 at 6. Nelson contends that Arbid incorrectly uses a narrow construction of the term "process" in *Gordon*. *Id.* at 3. Following *Gordon*, the Nebraska Supreme Court stated that "[s]ome jurisdictions define 'process' more broadly to encompass the entire range of procedures incident to the litigation process, including various discovery documents, entry of defaults, and the utilization of various motions filed with a court." *Gordon*, 255 Neb. at 648–49 (citing *Hopper v. Drysdale*, 524 F. Supp. 1039 (D. Mont. 1981); *Nienstedt v. Wetzel*, 133 Ariz. 348 (Ct. App. 1982); *Foothill Indus. Bank*

4

*v. Mikkelson*, 623 P.2d 748 (Wyo. 1981); *Twyford v. Twyford*, 63 Cal. App. 3d 916 (Cal. Ct. App. 1976)). Nelson argues that the Nebraska Supreme Court has not limited abuse of process claims in the way suggested by Arbid. Filing No. 8 at 4.

The Supreme Court in Nebraska has stated that "it is generally accepted that with respect to a cause of action for abuse of process, 'the judicial process must in some manner be involved.'" *Gordon*, 255 Neb. at 649 (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121 at 898 (5th ed. 1984)). Regardless of how this Court construes the Nebraska Supreme Court holding, Nelson contends that no matter how it is read, Arbid caused process to be issued by the Court. Nelson agrees that Arbid might be within his rights to file suit to recover damages against Nelson but argues that the ulterior motive is harassment of the defendant. Filing No. 8 at 6. Nelson contends that this is an abuse of process, citing *Vybiral v. Schildhauer*, 130 Neb. 433 (1936) ("Abuse of process . . . means the perversion of it, -- i.e., accomplishing some illegal object or purpose for which such process was not legally intended."). Nelson argues that "[t]he basis for an abuse of process claim is 'the need to protect the integrity of the judicial process.'" *Gordon*, 255 Neb. at 651.

Based on the language in *Gordon*, the Court believes that the right to file an abuse of process action must be narrowly construed. *Gordon*, 255 Neb. at 651. In this case, there are insufficient facts alleged to meet this high threshold. If the Court were to allow this to proceed, many litigants would choose to use the "abuse of process" as a sword to hinder parties from filing legitimate lawsuits. That is not the point of an "abuse of process" cause of action. Accordingly, the Court will dismiss the Counterclaim.

THEREFORE, IT IS ORDERED THAT Plaintiff's motion to dismiss, Filing No. 4, Defendant's Counterclaim, Filing No. 3, is granted.

Dated this 4th day of January, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge